USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TUTOR PERINI BUILDING CORP.,                :
                                                                          :
                                                Plaintiff,             :
                                                                          :
                        -against-                                  :
                                                                          :
NEW YORK CITY DISTRICT COUNCIL OF    :
COMPLAINT CARPENTERS BENEFIT FUNDS, :
INCLUDING THE NEW YORK CITY DISTRICT :    18-CV-6899 (VEC)
COUNCIL OF CARPENTERS PENSION FUND; :
WELFARE FUND; ANNUITY FUND;            :    MEMORANDUM
APPRENTICESHIP, JOURNEYMAN,          :    OPINION
RETRAINING, EDUCATION AND INDUSTRY :
FUND; VACATION FUND, SUPPLEMENTAL :
FUND; INTERNATIONAL BROTHERHOOD OF :
CARPENTERS FUND; SUPPLEMENTAL      :
PENSION FUND, AND LABOR                   :
MANAGEMENT FUND; and THE TRUSTEES :
OF ALL SUCH FUNDS,                              :
                                                                          :
                                                Defendants.       :
------------------------------------------------------------------X
VALERIE CAPRONI, United States District Judge:

Plaintiff Tutor Perini Building Corp., an employer of construction workers, has sued to recover excess contributions that it allegedly made to Defendants, a number of labor-management benefit funds and their trustees. *See* Compl., Dkt. 1. Plaintiff brings a claim pursuant to § 403(c)(2)(A)(ii) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1103(c)(2)(A)(ii), and two Second Circuit cases, *Frank L. Ciminelli Const. Co. v. Buffalo Laborers Supplemental Unemployment Ben. Fund*, 976 F.2d 834, 834 (2d Cir. 1992) (hereinafter *Ciminelli*), and *Dumac Forestry Svs., Inc. v. Int'l Bhd. of Electrical Workers*, 814 F.2d 79 (2d Cir. 1987). *See* Compl. ¶ 2; Pl.'s Mem. of Law, Dkt. 20, at 2–3.

On September 24, 2018, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. *See* Dkt. 18. For the following reasons, the Court finds that it has subject-matter jurisdiction over this action.

## DISCUSSION

Section 403(c)(1) of ERISA, known as the anti-inurement rule, states that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1103(c)(1). Section 403(c)(2)(A)(ii) provides that the anti-inurement provision "shall not prohibit the return" to an employer of a contribution that the employer paid to a plan "by a mistake of fact or law." *Id.* § 1103(c)(2)(A)(ii). Section 403(c)(2)(A)(ii), however, does not expressly provide a cause of action for employers to recover mistaken payments.

In *Dumac* and *Ciminelli*, the Second Circuit held that an employer may sue to recover mistaken overpayments from a benefit plan if the employer can show that the plan's refusal to refund the payments is "arbitrary or capricious" and if "the equities favor restitution" to the employer. *Ciminelli*, 976 F.2d at 835 (quoting *Dumac*, 814 F.2d at 82–83) (quotation marks omitted). In creating this right of action, however, the Second Circuit did not explain the legal basis for the claim, nor did the Court explain the basis for subject-matter jurisdiction.

Plaintiff argues that *Dumac* and *Ciminelli* derived this cause of action from federal common law, affording this Court subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court agrees. Although *Dumac* and *Ciminelli* did not expressly articulate the legal basis for this claim, most courts that have recognized the claim have held that it is derived from federal common law. *See Young Am., Inc. v. Union Cent. Life Ins. Co.*, 101 F.3d 546, 548 (8th Cir.

2

1996) (collecting cases); *Plucinski v. I.A.M. Nat'l Pension Fund*, 875 F.2d 1052, 1053, 1057–58 (3d Cir. 1989); *GES Exposition Servs., Inc. v. Local 807 Labor-Mgmt. Health Fund*, No. 09-CV-3190, 2010 WL 11626980, at *3 (E.D.N.Y. June 30, 2010); *Cement & Concrete Workers Dist. Council Welfare Fund v. Atlas Concrete Const. Corp.*, No. 04-CV-0915, 2007 WL 526621, at *4 (E.D.N.Y. Feb. 13, 2007); 27 *Fed. Proc., L. Ed.* § 61:353 (2019). This approach is consistent with the Second Circuit's general approach to ERISA claims; the Circuit has, in other contexts, carved out exceptions to ERISA's standing requirements and has cited federal common law as the basis for doing so. *See, e.g.*, *Merrick v. UnitedHealth Grp. Inc.*, 175 F. Supp. 3d 110, 115–16 (S.D.N.Y. 2016) (citing *Simon v. Gen. Elec. Co.*, 263 F.3d 176, 178 (2d Cir. 2001) (per curiam)). Indeed, it is well-established that in enacting ERISA, Congress intended for the courts to "develop a 'federal common law of rights and obligations under ERISA-regulated plans.'" *Masella v. Blue Cross & Blue Shield of Connecticut, Inc.*, 936 F.2d 98, 107 (2d Cir. 1991) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110 (1989)); *see also Whitworth Bros. Storage Co. v. Cent. States, Se. & Sw. Areas Pension Fund*, 794 F.2d 221, 236 (6th Cir. 1986).

Because Plaintiff's claim exists pursuant to federal common law, this Court has subject-matter jurisdiction over it. *See Empire HealthChoice Assur., Inc. v. McVeigh*, 396 F.3d 136, 140–41 (2d Cir. 2005), *aff'd*, 547 U.S. 677 (2006); *Woodward Governor Co. v. Curtiss-Wright Flight Sys., Inc.*, 164 F.3d 123, 126 (2d Cir. 1999) ("It is beyond dispute that if federal common law governs a case, that case presents a federal question within the subject matter jurisdiction of the federal courts, just as if the case were governed by a federal statute."); *Provident Life & Acc. Ins. Co. v. Waller*, 906 F.2d 985, 989–90 (4th Cir. 1990) ("[S]everal courts have held that ERISA

actions governed by federal common law 'arise under' federal law for purposes of § 1331." (collecting cases)).

Defendants argue that ERISA's jurisdictional provision, § 502(e), precludes subject-matter jurisdiction over Plaintiff's claim. *See* Def.'s Mem. of Law, Dkt. 21, at 2–4. Section 502(e) provides that the federal courts have subject-matter jurisdiction over ERISA claims only if the claims are brought by the Secretary of Labor or by a participant, beneficiary, or fiduciary of a benefit plan. 29 U.S.C. § 1132(e)(1). The Second Circuit has interpreted this provision as a jurisdictional grant "exclusive" to the specified categories of parties, meaning that the provision does not provide jurisdiction for claims brought by employers. *See Tuvia Convalescent Ctr., Inc. v. Nat'l Union of Hosp. & Health Care Employees*, 717 F.2d 726, 730 (2d Cir. 1983); *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assur. Co.*, 700 F.2d 889, 892 (2d Cir. 1983). *Ciminelli* and *Dumac*, however, were clearly intended to carve out an exception to this provision, allowing employers to bring suit under ERISA in certain, limited circumstances. Indeed, when ruling that § 502(e) does not provide subject-matter jurisdiction for lawsuits brought by employers, the Second Circuit expressly left open the possibility that employers could still bring suit pursuant to 28 U.S.C. § 1331. *See Pressroom*, 700 F.2d at 892 n.7.[1]

Defendants also point to language in *Brown v. Health Care & Ret. Corp. of Am.*, 25 F.3d 90, 93 (2d Cir. 1994), in support of their argument. In *Brown*, a benefit fund sued an employer to recover underpayments (*i.e.*, contributions that the employer owed but failed to pay). *See* 25 F.3d at 92. The employer argued that it had, in other instances, overpaid and, therefore, that it should be entitled to set off its underpayment obligations with the overpayment amounts. *See id.*

---

[1] To the extent that *Tuvia* foreclosed an employer from bringing a claim for a refund of overpayments, it has been overruled. In *Ciminelli*, the Second Circuit expressly recognized that *Tuvia* is in "some tension" with *Dumac* and held that *Dumac* was controlling. *See* 976 F.2d at 835 n.1.

at 92–93. In making this argument, the employer "expressly disclaim[ed] any reliance on *Ciminelli* and *Dumac*," instead arguing that it was entitled to a setoff under "general federal common law equitable principles." *Id.* at 93. The Second Circuit rejected the argument, holding that "[i]n this Circuit, however, [*Ciminelli*] and [*Dumac*] govern a claim to recover an overpayment, not federal common law." *Id.*

Defendants argue that this statement indicates that "federal common law [is not] the source of a claim for a refund of employer contributions" and, therefore, that § 1331 cannot serve as the basis for the Court's subject-matter jurisdiction. Def.'s Mem. of Law at 5. Defendants have misread *Brown*. The statement in *Brown* stands only for the principle that an employer's right to recover mistaken overpayments is governed by the doctrinal requirements articulated in *Ciminelli* and *Dumac*—specifically, that the employer must show that "the refusal to repay was arbitrary or capricious and 'the equities favor restitution,'" *Ciminelli*, 976 F.2d at 835 (citing *Dumac*, 814 F.2d at 82–83)—and not by more general, free-floating principles of common-law equity. Nothing in *Brown* calls into question that the cause of action created in *Ciminelli* and *Dumac* was fashioned pursuant to federal common law; *Brown* simply stands for the principle that federal common law cannot be used to create "a *separate* right to setoff" apart from the rights recognized in *Ciminelli* and *Dumac*. *Brown*, 25 F.3d at 94 (emphasis added).[2]

At bottom, Defendants' position is that *Ciminelli* and *Dumac* created a federal cause of action as to which federal courts do not have subject-matter jurisdiction. This position is not plausible. If accepted, Defendants' argument would mean that employers have a right to recover mistaken overpayments but they have no mechanism for enforcing that right—that is, that

---

[2] Defendants cite *Amalgamated Cotton Garment & Allied Indus. Ret. Fund v. Youngworld Stores Grp., Inc.*, No. 99-CV-3852, 2001 WL 314650, at *4 (S.D.N.Y. Mar. 30, 2001), in support of their position. To the extent that this case holds that *Ciminelli* and *Dumac* do not provide employers with a limited right to recover mistaken overpayments under federal common law, this Court simply disagrees.

5

*Ciminelli* and *Dumac* created a right but no remedy. It would also mean that the Second Circuit lacked subject-matter jurisdiction over the claims in *Ciminelli* and *Dumac*, meaning that the Circuit wholly abdicated its responsibility to examine subject-matter jurisdiction before it turned to the merits of the claims before it. The logical conclusion of this argument is that *Ciminelli*, *Dumac*, and all of the district court cases that have relied on them should be vacated, as any judgments entered in those cases would be void for lack of subject-matter jurisdiction. *See United States v. Forma*, 42 F.3d 759, 762 (2d Cir. 1994) (judgment entered without subject-matter jurisdiction is void). Absent clearer guidance from the Second Circuit on this matter, the Court cannot accept Defendants' argument.

## CONCLUSION

For all the foregoing reasons, the Court finds that it has subject-matter jurisdiction over Plaintiff's claim pursuant to federal common law and 28 U.S.C. § 1331.[3]

**SO ORDERED.**

Date: **September 30, 2019**
New York, New York

**VALERIE CAPRONI**
**United States District Judge**

---

[3] The Court may also have diversity jurisdiction over the claim, depending on the citizenship of each party. Because the Court clearly has federal-question jurisdiction, the Court need not address this issue.